■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL PERKINS, Appellant.—Judgment, Supreme Court, New York County (Shirley Levittan, J.), rendered January 11, 1990, convicting defendant, after a jury trial, of burglary in the second degree, and sentencing him as a violent predicate felon to an indeterminate term of imprisonment of from 4 to 8 years, unanimously affirmed.

The citizen informant, in the early morning hours, was awakened by the sound of breaking wood. Looking out of her window, she observed defendant, a black male wearing a red sweatshirt, breaking the screen to a basement window and climbing inside. She immediately called the police. When the officers arrived at the scene moments later, a black male wearing a red sweatshirt and the only person in sight, was standing on the corner outside of the building. Defendant was momentarily detained, and escorted into an interior courtyard of the building where he was positively identified.

The information possessed by responding police and the circumstances presented at the crime scene provided a legal predicate for the temporary stop of defendant (People v Beltraz, 165 AD2d 745). Nor did transporting defendant a very short distance, under minimal restraint, for purposes of conducting a showup identification, convert this into a full-blown arrest (see, People v Hicks, 68 NY2d 234, 240).

We have reviewed defendant's other contentions and find them to be without merit. Concur—Sullivan, J. P., Carro, Rosenberger, Asch and Kassal, JJ.